1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | KEITH WRIGHT,

12 |           Plaintiff,

13 |    v.

14 | STUART SHERMAN, et al.,

15 |          Defendants.

16

17

)  Case No.: 1:21-cv-01111-SAB (PC)
)
)
)
)  ORDER DIRECTING CLERK OF COURT TO
)  RANDOMLY ASSIGN A DISTRICT JUDGE TO
)  THIS ACTION
)
)  FINDINGS AND RECOMMENDATION
)  RECOMMENDING DISMISSAL OF ACTION
)  FOR FAILURE TO STATE A COGNIZABLE
)  CLAIM FOR RELIEF
)
)  (ECF No. 9)

18      Plaintiff Keith Wright is proceeding *pro se* and *in forma pauperis* in this civil rights action

19 pursuant to 42 U.S.C. § 1983.

20      Currently before the Court is Plaintiff's first amended complaint, filed November 5, 2021.

21

**I.**

22

**SCREENING REQUIREMENT**

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court

25 must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26 or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

27 relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28

28 U.S.C. § 1915A(b).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is

2    entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

4    not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550

5    U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated

6    in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

7    Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally

8    construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th

9    Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which

10   requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is

11   liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

12   969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

13   "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility

14   standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

17   The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the

18   screening requirement under 28 U.S.C. § 1915.

19   Plaintiff is currently housed at the Substance Abuse Treatment Facility and State Prison,

20   Corcoran (SATF) where Defendant Stuart Sherman is the Warden.  Plaintiff names Warden Sherman

21   and Correctional Lieutenant Lopez as Defendants.  Sherman was responsible for Plaintiff's well-being,

22   safety, and health on Facility F.  Correctional officers on Facility F failed to wear face masks to

23   prevent the spread of the COVID-19 virus.  Officers knew their actions put Plaintiff at a substantial

24   risk of contracting COVID-19.  Defendants turned Facility F, which was a non-infected facility, into a

25   quarantine which put inmates, including Plaintiff, at risk of contracting COVID-19.  Defendants are

26   responsible for the failure of personnel to take adequate precautions to curb the spread of COVID-19.

27   Defendants transferred inmates around the facility dramatically increasing the risk to inmates due to

28   close proximity of both inmates and guards.  Defendants allowed porters who tested positive to work

with non-infected porters.  Plaintiff was assigned to an eight-man cell, and he shared a restroom with seven other inmates which precluded effective social distancing measures and put Plaintiff at risk of contracting COVID-19.  During daily count, Plaintiff had to stand within six feet of another inmate. Defendants know that many of their officers "have refused to be vaccinated, leaving vast numbers of inmates to be denied the choice to protect themselves from COVID-19." Social distancing was impossible during sick call, medical appointments, and distribution of meals.  Defendants failed to enforce "the sick feet social distancing."  Defendants failed to enforce their policy of not housing inmates who did not have COVID-19 with inmates that tested positive for COVID-19 and by failing to enforce their policy that staff members had to wear masks.  Defendants failed to provide sanitation materials to disinfect common areas, such as telephones, kiosks, and dayroom tables.  Defendants allowed infected inmates who worked in the Facility F kitchen to distribute meals to Plaintiff and other inmates.  Defendants failed to follow clear guidance from the Center for Disease Control and knew that COVID-19 posed a serious risk to Plaintiff.

Defendants allowed staff to work and move throughout the facility transmitting the virus from location to location.  Defendants were inconsistent with their COVID screening practices and failed to enforce the proper use of protective equipment.  The physical structure of SATF generally does not allow for proper isolation of persons potentially infected with the airborne virus.  Defendants knew that several officers refused to be vaccinated leaving a vast number of inmates to be denied the choice to protect themselves from COVID-19.

### III.

### DISCUSSION

#### A.    Deliberate Indifference to Conditions of Confinement

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference....The Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.' " Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, in situations where the

3

1   challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment

2   claim, whether it can be characterized as 'wanton' depends upon the constraints facing the *official*."

3   Wilson v. Seiter, 501 U.S. 294, 303 (1991) (citations omitted) (original emphasis).  Because "only the

4   unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show

5   the defendant acted with a "sufficiently culpable state of mind." Id. at 297 (internal quotation marks,

6   emphasis and citations omitted).

7          When a "plaintiff names wardens [or other supervisory personnel] as defendants, plaintiff must

8   specifically allege the warden's personal involvement in the constitutional deprivation or a causal

9   connection between the defendant's wrongful conduct and the alleged constitutional deprivation."

10   Stephen v. Tilestone, No. 2:20-cv-1841 KJN P, 2021 WL 289379 at *6, (E.D. Cal. Jan. 28, 2021). This

11   is because "wardens [and other supervisory personnel[] re not liable based solely on their role in

12   supervising prisons." Id.  Because vicarious liability does not apply to Section 1983 suits, "a plaintiff

13   must plead that each Government-official defendant, through the official's own individual actions, has

14   violated the Constitution." Iqbal, 556 U.S. at 676. "A defendant may be held liable as a supervisor

15   under § 1983 'if there exists either (1) his or her personal involvement in the constitutional

16   deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

17   constitutional violation.' " Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v.

18   Black, 885 F.2d 642, 646 (9th Cir. 1989)). "The requisite causal connection can be established ... by

19   setting in motion a series of acts by others, ... or by knowingly refus[ing] to terminate a series of acts

20   by others, which [the supervisor] knew or reasonably should have known would cause others to inflict

21   a constitutional injury," Id. at 1207–08 (alteration in original) (internal quotation marks and citation

22   omitted). "Even if a supervisory official is not directly involved in the allegedly unconstitutional

23   conduct, '[a] supervisor can be liable in his individual capacity for his own culpable action or inaction

24   in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional

25   deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.' "

26   Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (alteration in original) (quoting Starr, 652 F.3d at

27   1208).

28

1    The Court acknowledges COVID-19 poses a substantial risk of serious harm. See Plata v.

2    Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19]

3    poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth

4    Amendment claim, Plaintiff must provide more than generalized allegations that they have not done

5    enough to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at

6    *3 (E.D. Cal. Nov. 17, 2020); Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3

7    (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the

8    spread of COVID-19 in the prison).  That is, Plaintiff must provide more than generalized allegations

9    that Defendants have not done enough to enforce six-feet social and living distancing, provide

10   sufficient cleaning supplies, or enforce the mask requirement, in order to control the spread of

11   COVID-19. See, e.g., Sanford v. Eaton, No. 1:20-cv-00792-BAM (PC), 2021 WL 1172911, at *6

12   (E.D. Cal. Mar. 29, 2021) (explaining that "in order to state a cognizable Eighth Amendment claim

13   against the warden, associate wardens and the other defendants named, Plaintiff must provide more

14   than generalized allegations that the warden, associate wardens and other defendants have not done

15   enough regarding overcrowding to control the spread" of COVID-19); Blackwell, 2021 WL 915670,

16   at *3 (concluding that "in order to state a cognizable Eighth Amendment claim against the warden

17   plaintiff must provide more than generalized allegations that the warden has not done enough to

18   control the spread" of COVID-19). Plaintiff fails to allege facts showing how any individual was

19   responsible for such failings, or allege a causal link between each Defendant and the claimed

20   constitutional violation. See, e.g., Cedillos v. Youngblood, No. 1:21-cv-00138-DAD-BAM (PC), 2021

21   WL 2534534, at *3 (E.D. Cal. June 21, 2021) (concluding that prisoner failed to state Section 1983

22   claims due to allegations of "failings in social distancing and unclean cells and showers" during

23   COVID-19 pandemic, where plaintiff failed to allege causal link between defendants and violations);

24   Stephen v. Tilestone, 2021 WL 289379, at *6 (concluding that plaintiff failed to allege Eighth

25   Amendment violation for prison transfer that purportedly put him at extreme risk of contracting

26   COVID-19 because he did not allege facts showing how any particular defendant violated his rights).

27        Here, Plaintiff fails to allege how COVID-19 presents a high risk to him due to any specific

28   individual risk factors to satisfy the objective prong of an Eighth Amendment violation.  Furthermore,

1    the subjective prong of an Eighth Amendment claim has not been pled adequately.  The first amended

2    complaint alleges Plaintiff and other inmates informed Defendants by letters and grievances that

3    officers were not wearing face masks.  Defendant Sherman was further made aware by letters and

4    grievances that officers were housing inmates who refused to test for COVID-19 with inmates who

5    tested negative for COVID-19.  Defendants further knew some staff refused to be vaccinated which

6    exposed a risk to Plaintiff's health and safety.  It is further alleged that Defendants ordered eight

7    inmates to a cell and failed to provide sanitation materials and clean and sterilize cells.

8        Plaintiff's concerns over the risk of contracting COVID-19 are not insignificant, but this risk is

9    not unique to prisoners. This is a global pandemic, effecting millions of individuals worldwide.

10   However, Plaintiff makes only general allegations regarding the prison with respect to the managing

11   of inmates during the pandemic.  He makes no specific allegations describing any individually named

12   Defendant's actions in this regard.  Although Plaintiff contends that Defendants were informed by

13   letters and grievances that officers were not wearing face masks, and Defendant Sherman was aware

14   by letters and grievances that officers were housing inmates who refused to test with inmates who

15   tested negative, there are no factual allegations in the first amended complaint which plausibly suggest

16   that either Defendant received, reviewed, and actually drew an inference Plaintiff faced a substantial

17   risk to his safety.  See e.g., May v. Williams, 10cv576-GMN-LRL, 2012 WL 1155390, at *3 (D. Nev.

18   Apr. 4, 2012) ("Holding a prison official personally responsible for damages simply because he is

19   familiar with a prisoner's circumstances through direct communications with the prisoner and through

20   communications with his subordinates is such a broad theory of liability that it is inconsistent with the

21   personal responsibility requirement for assessing damages against public officials in a 42 U.S.C. §

22   1983 suit."); Starr v. Baca, 652 F.3d at 1216 ("First, to be entitled to the presumption of truth,

23   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but

24   must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

25   party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly

26   suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected

27   to the expense of discovery and continued litigation.")

28

6

1      In addition, Plaintiff's allegations that "Defendants knew" is unsupported by factual

2   allegations.  As Plaintiff was previously advised, in order to state a claim he must allege facts

3   sufficient to show that each named Defendant was subjectively aware that *Plaintiff*, rather than the

4   inmate population at large, was facing an objectively serious and excessive risk to his health and

5   safety and that each Defendant failed to take reasonable steps to abate that risk.  Moreover, there are

6   no factual allegations to support the reasonable inference that Defendants Sherman and Lopez were

7   culpable for inaction in supervision or control of their subordinates, acquiesced in Plaintiff's alleged

8   constitutional deprivation, or showed a reckless or callous indifference to Plaintiff's rights. See Keates,

9   883 F.3d at 1243.  Lastly, with regard to Plaintiff's claim that some prison staff refuse to be

10  vaccinated, effective August 2, 2021, all CDCR and CCHCS state employees shall show proof of full

11  vaccination status, or they will be subject to regular intervals of COVID-19 testing. See

12  https://www.cdcr.ca.gov/covid19/updates/.  Accordingly, Plaintiff has failed to state a cognizable

13  claim for relief.

14          **B.      Further Leave to Amend**

15          If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the

16  Court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it

17  appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.

18  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d

19  1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and

20  some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could

21  not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that

22  a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d

23  at 1105-06.

24          In light of Plaintiff's failures to provide additional information about his claims despite specific

25  instructions from the Court, the undersigned finds that further leave to amend would be futile and the

26  first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d

27  1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be

28  futile."). Here, Plaintiff has simply restated essentially the same factual allegations and named the

7

same supervisory Defendants. Therefore, the undersigned recommends denying further leave to amend the complaint.

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **February 3, 2022**

_____
UNITED STATES MAGISTRATE JUDGE